**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Barrons, | No. CV-23-02705-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher Smallwood, et al., | |
| Defendants. | |

On March 22, 2024, Plaintiff filed a motion for alternative service on Christopher Smallwood (Doc. 10), which the Court denied without prejudice (Doc. 11).

On April 12, 2024, Plaintiff filed a renewed motion for alternative service on Christopher Smallwood. (Doc. 12.) The renewed motion provides more detail regarding Smallwood's whereabouts and previous service attempts.

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by

law to receive service of process.

Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law procedures for serving process within Arizona. Pursuant to Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

The Court finds that service of Smallwood via traditional means has proved impracticable. Service via the proposed alternative methods would constitute "a reasonable effort to provide the [party] being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

However, the Court notes that the proposed alternative methods (Doc. 12 at 6-7) are joined with the disjunctive conjunction "or," suggesting that Plaintiff may serve by taking any one of the six actions proposed. This may have been inadvertent. At any rate, to effectuate service, Plaintiff will need to take at least four of the six actions proposed in the motion, as set forth below.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 12) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Christopher Smallwood by:

1. Physically posting a copy to the door of Smallwood's last known address at 4500 Steiner Ranch Blvd, 2808, Austin, Texas 78732;

2. Mail sent to Smallwood's last known address at 4500 Steiner Ranch Blvd. Apt. 2808, Austin, Texas 78732;

3. Email to Smallwood's most recently known active email address; *and*

4. At least one of the following:

    a. Service on Smallwood Behavioral, LLC, Erotes, Inc., or Forefront PSI Inc.;

    b. Service on Rio Smallwood located at 6633 E. Greenway Parkway, Apt. 1083, Scottsdale, Arizona 85254; *or*

    c. Publication of the summons and a statement describing how a copy of the pleading being served may be obtained at least once a week for four successive weeks in a newspaper in the county where Christopher Smallwood was last known to reside.

Dated this 22nd day of April, 2024.

_____
Dominic W. Lanza
United States District Judge