**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Barrons, | No. CV-23-02705-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher Smallwood, et al., | |
| Defendants. | |

On June 11, 2024, Samuel Barrons ("Plaintiff") filed a motion for default judgment. (Doc. 23.) On October 24, 2024, the Court issued an order explaining that Plaintiff "is not entitled to default judgment on his ERISA claim for $231 in damages, on his claim for $2,250 in damages related to unreimbursed work-related expenses, or on his claim for $1,200 in damages arising from the personal loan from his mother"; authorizing Plaintiff to file a supplemental memorandum to address various perceived deficiencies regarding his wage claim(s); and requiring Plaintiff to file a properly verified declaration. (Doc. 26.) Plaintiff has now filed a supplemental memorandum and a new declaration. (Doc. 27.)

1.  AWA Claim. One of the claims in the complaint is a claim for unpaid wages in violation of the Arizona Wage Act ("AWA"). (Doc. 1 ¶¶ 82-88.) Plaintiff has now clarified in his verified declaration that he "was not paid for two payment periods for a total of $3,841.50 in loss wages." (Doc. 27-1 ¶ 14.) This is sufficient to establish the amount of Plaintiff's unpaid wages under the AWA.

Plaintiff asks that this award be trebled, resulting in a final award of $11,524.50.

(Doc. 27 at 6.) Trebling is discretionary rather than mandatory under the AWA. *Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 (Ariz. 2003) ("Under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court."); *Crum v. Maricopa Cnty.*, 950 P.2d 171, 173 (Ariz. Ct. App. 1997). *See also Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, *4 (D. Ariz. 2021) ("The Court possesses wide discretion in determining whether to award treble damages under § 23-355."). Under the AWA, "[t]he treble damage remedy is a punitive measure that is warranted when employers seek to delay payment without reasonable justification or to defraud employees of wages earned." *Swanson v. Image Bank, Inc.*, 43 P.3d 174, 183 (Ariz. Ct. App. 2002), *aff'd in part, vacated in part*, 77 P.3d 439 (cleaned up). "Although imposition of treble damages under § 23-355 is permissive, not mandatory, that element of discretion merely reflects that such an award may be inappropriate when a wage dispute involves a valid close question of law or fact which should properly be decided by the courts or when failure to pay wages was due to inadvertent mistake." *Id.* at 184 (cleaned up).

Here, when all reasonable inferences are resolved in Plaintiff's favor, the text message that appears in paragraph 34 of the complaint indicates that the withholding of wages was done unreasonably and not "based upon a good-faith dispute," and therefore the Court concludes that trebling is appropriate. *Patton v. Mohave Cnty.*, 741 P.2d 301, 305 (Ariz. Ct. App. 1987).

The Court also must determine which Defendant(s) should be liable for the AWA award. In the October 24, 2024 order, the Court explained that the AWA has been interpreted as excluding individual liability against the owners, officers, and directors of a corporate employer. (Doc. 26 at 8.) The Court also explained that the allegation in the complaint is that each Defendant "has, at some point, issued payment to Plaintiff" is insufficient to support liability against all of the named entity Defendants under the AWA because "[t]he act of issuing payment is certainly an act that employers take, but that act is not entirely exclusive to employers—sometimes another company is hired to handle

payroll (although that does not appear to have been done here).  On default judgment, the Court assumes the truth of well-pleaded allegations, but the Court is not convinced that alleging that all Defendants acted in concert is enough to establish that all Defendants were Plaintiff's employers for purposes of AWA."  (*Id.*)

Nothing in Plaintiff's supplemental memorandum or new declaration addresses this issue.  Indeed, the supplemental memorandum does not address the AWA claim at all.  Accordingly, Plaintiff is only entitled to default judgment on his AWA claim against Smallwood Behavioral LLC, which is the sole entity defendant as to which Plaintiff has established an employment relationship.  (Doc. 23-1 at 30 [employment offer letter from "Smallwood Behavioral, LLC"]; Doc. 27-1 ¶ 3 ["On or about April 2021, I began working for Defendant Christopher Smallwood at Smallwood Behavioral LLC."].)

2. <u>FLSA and AMWA Claims</u>.  In the October 24, 2024 order, the Court explained that although "[t]he complaint asserts wage claims under the FLSA [Fair Labor Standards Act], the AMWA [Arizona Minimum Wage Act], and the AWA, . . . the motion for default judgment only mentions the AWA" and thus "[i]t is unclear whether Plaintiff intended to forgo two of [his] three wage claims."  (Doc. 26 at 7.)  Plaintiff's supplemental memorandum confirms that Plaintiff is, indeed, seeking to recover under the FLSA and the AMWA.  (Doc. 27 at 3-6.)

Courts in the District of Arizona routinely conclude that plaintiffs bringing AWA, AMWA, and FLSA claims are "entitled only to the maximum amount of damages under either the state or federal statutes."  *Xalamihua v. GGC Legacy Janitorial Servs. LLC*, 2023 WL 8891393, *6 (D. Ariz. 2023).  *Cf. Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual."); *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) ("Had the New York State legislature intended to provide a cumulative liquidated damages award under the NYLL, we think it would have done so explicitly in view of the fact that double recovery is generally disfavored where another source of damages already remedies the same injury for the same purpose.").  Thus, at least where an AWA claim is

subject to trebling, it will generally engulf the amount owed under the FLSA and/or the AMWA, such that the latter claims are relevant only where, as here, certain defendants may be jointly and severally liable for the FLSA and AMWA violations but not for the AWA violations. *See, e.g.*, *Wong v. White Rock Phlebotomy, LLC*, 2024 WL 897002, *8 (D. Ariz. 2024) ("Because the amount owed under the AWA engulfs the amounts owed under the FLSA and AMWA, Plaintiff seeks an award against both Defendants for [trebled AMA damages], plus interest. . . . [H]owever, Defendant Lebiecki cannot be held individually liable pursuant to the AWA. As such, Plaintiff is entitled to damages from Defendant White Rock Phlebotomy, LLC in the amount of the minimum unpaid wages. Because the Arizona minimum wage is higher than federal law provides, and the AMWA provides for treble damages, the Court finds Plaintiff entitled to damages from Defendant Lebiecki in the amount of [the trebled AMWA damages].").

Under the FLSA and the AMWA, Plaintiff is entitled to the amount of hours he worked multiplied by the applicable minimum hourly wage. *See generally Rosen v. Fasttrak Foods LLC*, 2021 WL 3130333, *2 (D. Ariz. 2021) ("Rosen makes no effort to calculate the minimum wage she should have been paid under the FLSA . . . . Such minimum wages, to be clear, are not the same thing as Rosen's contractual rate of pay. . . . To calculate her damages under [the FLSA], Rosen would need to identify the actual number of hours she worked and multiply the figure by the applicable minimum wage."); *Rodriguez v. Capital Commercial Solutions, LLC*, 353 F. Supp. 3d 452, 462 (E.D. Va. 2017) ("[Plaintiff] claims he is owed his contracted rate of $18 per hour for the forty hours of regular work and $27 per hour for the sixteen hours of overtime, totaling $1,152, for this period. However, federal law provides a minimum wage of $ 7.25 per hour . . . .").

The complaint alleges that "Plaintiff regularly worked 40 hours per week" (Doc. 1 ¶ 18) and Plaintiff clarifies in his verified declaration that he was not paid for his final two two-week pay periods (Doc. 27-1 ¶ 14). Thus, Plaintiff's base award under the FLSA is $1,160 (*i.e.*, 160 hours multiplied by the FLSA minimum hourly wage of $7.25), which is then doubled pursuant to the FLSA's liquidated damages provision, *see* 29 U.S.C. § 216(b),

1  resulting in a final FLSA award of $2,320.  Plaintiff's base award under the AMWA is
2  $2,216 (*i.e.*, 160 hours multiplied by the AMWA minimum hourly wage of $13.85), which
3  is subject to mandatory trebling under the AMWA (Doc. 26 at 8 n.3), bringing the total to
4  $6,648.
5        Under the AMWA, the term "employer" is defined more expansively than it is
6  defined under the AWA, such that it encompasses "any corporation, proprietorship,
7  partnership, joint venture, limited liability company, trust, association, political subdivision
8  of the state, individual or other entity acting directly or indirectly in the interest of an
9  employer in relation to an employee."  A.R.S. § 362(B).  The FLSA utilizes a similarly
10 expansive definition.  29 U.S.C. § 203(d).  Plaintiff's submissions are sufficient to establish
11 that Christopher Smallwood, Erotes, Inc., and Forefront PSI Inc. fall within this definition
12 and thus should share in Smallwood Behavioral LLC's liability for AMWA and FLSA
13 purposes.  Because the $6,648 AMWA award engulfs the $2,320 FLSA award, Christopher
14 Smallwood, Erotes, Inc., and Forefront PSI Inc. are jointly and severally liable with each
15 other and with Smallwood Behavioral LLC for $6,648.  Smallwood Behavioral LLC is
16 solely liable for an additional $4,876.50, such that it owes Plaintiff the full AWA award of
17 $11,524.50.
18 …
19 …
20 …
21 …
22 …
23 …
24 …
25 …
26 …
27 …
28 …

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 23) is **granted in part and denied in part**. Plaintiff is awarded $11,524.50 against Defendant Smallwood Behavioral LLC. Defendants Christopher Smallwood, Erotes, Inc., and Forefront PSI Inc. are jointly and severally liable with each other and with Smallwood Behavioral LLC for $6,648 of that sum.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and terminate this action.

Dated this 10th day of December, 2024.

Dominic W. Lanza
United States District Judge